BELARDINO MANSUETE vs. FRANCESCO CINQUEGRANO.

FEBRUARY 1, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.   This is an action for goods sold and delivered.   The declaration consists of the common counts and a count alleging an account stated.   The defendant pleaded the general issue and statute of limitations.   It appears that the action was commenced more than six years after the sale of the goods and the date of the alleged account stated.   The plaintiff attempted to prove a new promise within six years prior to the commencement of the action. The trial justice, being of the opinion that the plaintiff had failed in that attempt, directed a verdict for the defendant, and the case is before us on the plaintiff's exception to such direction.

The plaintiff contends (1) that there was evidence of a new promise and that it was error not to submit the case to the jury upon all of the evidence; (2) that, inasmuch as the plaintiff failed to file a replication to the plea of the statute of limitations, said plea should have been ignored by the trial justice.

The plaintiff's second contention is unsound.   Although he did not allege a new promise within six years, he attempted to prove such a promise and the case was tried on the theory

that a replication alleging such a promise had been filed. If the case had been submitted to the jury, and they had found for the plaintiff, and· the defendant was raising the point that no replicatión had been filed, the plaintiff would now with propriety be urging that he be permitted to file his replication even after verdict. *Barker* v. *Almy*, 20 R. I. 367; *Barlow* v. *Tierney*, 26 R. I. 557.

We think the trial justice erred in not submitting the case to the jury on the question whether the defendant made a new promise within six years before the commencement of the action. The plaintiff's wife, who assisted him in his business, testified that the defendant at sometime after the war made a promise to her to pay the bill. It is reasonably clear that she was referring to the World war. The suit was commenced August 29, 1921. Any promise made after said war was made within six years before the commencement of the action. It was the province of the jury and not of the trial justice to pass upon the question of the credibility of the wife's testimony.

The plaintiff's exception is sustained and the papers in the case are remitted to the Superior Court with direction to give the plaintiff a new trial.

*Charles R. Easton*, for plaintiff.
*Peter W. McKiernan, John C. Going*, for defendant.